**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JORDAN THOMAS SHIRE,<br>Petitioner,<br>v.<br>ICE, *et al.*,<br>Respondents. | Case No. 2:26-cv-01919-RFB-EJY<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Jordan Thomas Shire's First Amended Petition (ECF No. 8) [hereinafter, "Petition"]. Through his petition and subsequent pleadings, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the following reasons, the Court grants Mr. Shire's Petition, ordering his immediate release.

## I. DISCUSSION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . .").

On July 13, 2026, this Court ordered Federal Respondents to show cause for Mr. Shire's detention. See Order to Show Cause, ECF No. 9. Specifically, the Court ordered Respondents to file a "return certifying the true cause of detention"—that is, the statutory provision that authorizes Petitioner's detention. Id.; see also 28 U.S.C. § 2243. In response, Respondents filed a "Notice Regarding Class Membership," wherein they asserted that Mr. Shire is "lawfully removable pursuant to INA sec. 237(a)(1)(B)." See ECF No. 10 at 2.[1]

By way of background, the INA provides a "complex statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Specifically, "[f]our statutes" authorize the government "to detain non-citizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a)." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnotes omitted) (citation modified). Notably, INA sec. 237(a)(1)(B) or 8 U.S.C. § 1227(a)(1)(B)—the provision of the INA the government claims "Petitioner is lawfully *removable*" under—is not among these detention provisions, but rather, it is among the provisions that govern removability. ECF No. 10 at 2 (emphasis added).

The Court need not inquire as to whether Petitioner is actually deportable on this basis, as this is not a challenge to Petitioner's removability. This is a habeas petition, *i.e.*, a challenge to the Petitioner's *detention*—specifically, a challenge to the government's legal authority to detain Mr. Shire while his removal proceedings are ongoing. See generally Petition. Thus, the Court need only determine whether the government has asserted a statutory provision that properly authorizes

[1] Respondents also make the conclusory assertion that, "as a visa waiver entrant, Petitioner is not eligible for bond." ECF No. 10 at 2. However, Respondents fail to provide any statutory support for this claim, nor do they specify what bearing, if any, Petitioner's status as a visa waiver entrant has on his arrest and detention. Primarily, because Mr. Shire has been admitted into the country, and is not an "applicant for admission," he is not subject to mandatory detention under 8 U.S.C. § 1225(a). Additionally, a noncitizen's participation in the Visa Waiver Program does not render them categorically ineligible for bond. See Novac v. Bernacke, No. 2:26-cv-00946-APG-NJK (D. Nev. June 5, 2026), ECF No. 14 at 7 ("[Petitioner] did not waive his ability to request a bond redetermination hearing when he entered the country through the VWP program."); Quispe v. Chestnut, No. 1:25-CV-2002 CSK, 2026 WL 654577, at *2-3 (E.D. Cal. Mar. 9, 2026) (finding "[t]he statute governing the Visa Waiver Program, 8 U.S.C. § 1187 does not address detention of noncitizens who violate the VWP," and thus, petitioner who was admitted to the United States under the VWP is detained pursuant to § 1226(a)); Molina v. Soto, 2025 WL 3281820, at *2-3 (D.N.J. Nov. 25, 2025) (holding "[t]he text of § 1187(c)(2)(E) says nothing about DHS's authority to arrest and detain a person who has overstayed under the VWP" and thus, petitioner "is unlawfully detained under § 1225(b) but may be detained under § 1226(a) subject to a bond hearing, as due process requires"); Gjergj G. v. Edwards, No. 19-5059, 2019 WL 1254561, at *2 (D. N.J. Mar. 18, 2019) ("[T]he VWP does not have its own detention provision, and the detention of an alien . . . must instead arise from one of the other statutory provisions expressly covering aliens subject to detention during their removal proceedings.").

Petitioner's current *detention*. 8 U.S.C. § 1227(a)(1)(B) clearly does not, as it is not a detention authority at all.

8 U.S.C. § 1227(a)(1)(B) states, in relevant part, "[a]ny [noncitizen] who is present in the United States in violation of this chapter or any other law of the United States, or whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant has been revoked under section 1201(i) of this title) is *deportable*." Id. (emphasis added). While a noncitizen may be charged with deportability on this basis in removal proceedings, see, e.g., Pondoc Hernaez v. I.N.S., 244 F.3d 752, 754 (9th Cir. 2001) ("The INS instituted deportation proceedings against Petitioner . . . . Petitioner was charged with deportability for violation of the Immigration and Nationality Act ('INA') § 241(a)(1)(B) (codified at 8 U.S.C. § 1227(a)(1)(B)) (overstay) . . . ."), this section of the INA is not, and cannot be construed as, a defensible detention authority in habeas proceedings. The government must identify a ground of deportability or removability to institute removal proceedings against a noncitizen, see id., but there are specific statutes that authorize the government to detain a noncitizen during the pendency of such proceedings. See Avilez v. Garland, 69 F.4th at 529. In the event a noncitizen is detained by the government during their removal proceedings, it is therefore incumbent upon the government to identify which of these statutes, if any, justify their detention. Detention cannot be authorized from the deportability charge alone, and the Court will not speculate as to which detention authority may or may not apply to a given noncitizen if offered this justification only. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles[.]")).

Under 28 U.S.C. § 2243, "A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause." Id. In this instance, because Federal Respondents have failed to clearly name any detention authority, let alone one that properly governs Petitioner's detention, the Court forthwith issues the writ.

Petitioner requests relief in the form of immediate release to remedy his unlawful detention in Respondents' custody. Because of Respondents' total failure to identify *any* provision that authorizes their actions in arresting and detaining Mr. Shire, the Court finds immediate release from custody is the only appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus).

## II. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Amended Petition (ECF No. 8) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **August 8, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property, including personal identification and employment authorization documents, upon his release.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **August 11, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** August 7, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**